SCHWARTZ, Senior Judge
(specially concurring).
Like the trial judge, I am disconcerted by a situation in which Professor Swan’s estate receives the exact amount of UM coverage in return for an increased premium that he would have had if he had not paid it. However, after a long and arduous search, I have been unable to find a principled way to avoid that result. The applicable statutory and case law is just what the majority says it is. Moreover, there is no basis for concluding that State Farm’s solicitation and acceptance of the increased premium somehow involved a promise to provide more than the law required in “stacking” his Honda UM coverage on UM coverage on the Acura which did not exist because he specifically rejected it. Compare Belmont v. Allstate Ins. Co., 721 So.2d 436, 438 n. 2(Fla. 5th DCA 1998) (“Because the resolution of this case is governed by the contract language in Allstate’s form, we express no opinion whether [statutory] subsection (1) and subsection (9) have different notice requirements.”).
Hence, I must concur.